# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TELEPET USA, INC., a Nevada Corporation; )
                                                         )
             Plaintiff,           )      Case No.: 2:14-cv-00568-GMN-PAL
      vs.                           )
                                                         )          **ORDER**
QUALCOMM, INCORPORATED, a )
Delaware Corporation; SNAPTRACS, INC., a )
California Corporation; ALEX ROGERS, an )
individual; JAMES HOFFMAN, an individual; )
DUDLEY FETZER, an individual; DAVE )
VIGIL, an individual; DOES I through XX, )
inclusive, and ROE BUSINESS ENTITIES )
XXI through XL, inclusive, )
                                                         )
            Defendants.         )
_____ )

       Pending before the Court is Defendants' Motion to Compel Arbitration (ECF No. 4) and Motion to Dismiss, or in the alternative, Motion to Stay (ECF No. 5).  Plaintiff filed a Response (ECF No. 14), and Defendants filed a Reply (ECF No. 22).  For the reasons discussed below, Defendants' Motion to Compel Arbitration (ECF No. 4) and Motion to Dismiss (ECF No. 5) are **GRANTED**.

## I.     BACKGROUND

       This dispute arises out of a settlement and patent license agreement.  On January 14, 2013, Plaintiff Telepet USA, Inc. ("Plaintiff") filed a patent infringement suit against Defendant Qualcomm, Incorporated ("Qualcomm") before this Court. *See Telepet USA v. Qualcomm Incorporated*, Case No. 2:13-cv-00063-GMN-CWH.  On June 7, 2013, the case was dismissed after Telepet entered into the Settlement and Patent License Agreement ("Settlement Agreement") with Qualcomm and Defendant Snaptracs, Inc. ("Snaptracs"). (Ex. A to Defs.'

Pet. For Removal ¶ 20, ECF No. 1).  Plaintiff now alleges that Qualcomm and Snaptracs made material misrepresentations of fact and withheld material facts from Telepet in an attempt to induce Telepet to settle the patent infringement lawsuit and enter into the Settlement Agreement.[1] (*Id.* ¶ 21).

Section 10.2 of the Settlement Agreement provides as follows:

> This Agreement shall be governed by, interpreted, and construed in accordance with the laws of California, without reference to conflicts of laws principles. Any legal action or other legal proceeding relating to this Agreement or the enforcement of any provision of this Agreement must be brought or otherwise commenced in San Francisco, California, under California law, and subject to mandatory, binding arbitration at AAA.

(Ex. B to Defs.' Mot. to Compel Arbitration at 30, ECF No. 4–1).  Pursuant to this arbitration clause of the Settlement Agreement, Defendants request that the Court compel arbitration of this dispute. (Defs.' Mot. to Compel Arbitration 1:20–23).  Additionally, Defendants request that the Court dismiss this case, or in the alternative, stay the case pending the arbitration proceedings. (*Id.* 1:23–2:1).

## II.  <u>LEGAL STANDARD</u>

Section 2 of the Federal Arbitration Act ("FAA") provides that:

> A written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

---

[1] Individual defendants, Alex Rogers and James Hoffman, were agents of Qualcomm, individual defendant, Dave Vigil, was the President of Snaptracs, and individual defendant Dudley Fetzer, was the Senior Director, Service Strategy and Business Development, for Snaptracs. (*See* Ex. A to Defs.' Pet. For Removal ¶¶ 4–7, ECF No. 1)

9 U.S.C. § 2.  "In enacting § 2 of the federal Act, Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp. v. Keating,* 465 U.S. 1, 10 (1984).  Courts shall place arbitration agreements "upon the same footing as other contracts." *Volt Info. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.,* 489 U.S. 468, 478 (1989).

Under the FAA, parties to an arbitration agreement may seek an order from the Court to compel arbitration. 9 U.S.C. § 4.  The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 218 (1985).  Thus, the Court's "role under the Act is … limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Lee v. Intelius, Inc.*, 737 F.3d 1254 (9th Cir. 2013) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (internal quotations omitted)).

## III.   <u>DISCUSSION</u>

### A. Motion to Compel Arbitration

Plaintiff makes no assertion that the arbitration clause of the Settlement Agreement does not encompass the dispute at issue.  Instead, Plaintiff asserts that Defendants' motions should not be granted because, under California law, it "has alleged grounds for revocation of the [Settlement] Agreement." (Pl.'s Resp. 9:13, ECF No. 14)  Moreover, Plaintiff asserts that it has asserted claims against individuals who were not parties to the Settlement Agreement, "and to require Telepet to arbitrate its claims against the corporate Defendants is to force Telepet to elect whether to abandon its claims against the individually-named Defendants or to litigate against the individuals in state or federal court while, at the same time, arbitrating its claims

against the corporate defendants." (*Id.* 3:22–28).

First, Plaintiff asserts that it has alleged that it was induced to enter into the Settlement and Patent License Agreement by fraud and misrepresentation. (*Id.* 10:1–7).  More specifically, Plaintiff contends that "[b]ecause Plaintiff's Complaint sets forth grounds for, and establishes a prima facie case of, fraud in the inducement and seeks rescission of the [Settlement] Agreement, Plaintiff may not be compelled to arbitrate under the express provisions of California law." (*Id.*).  However, this argument is unavailing in light of Supreme Court law. The Supreme Court has held that, "regardless of whether the challenge is brought in federal or state court, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2006).  Plaintiff's Complaint and Response contain no claim that Defendants fraudulently induced Plaintiff to enter into the arbitration clause, nor do they attack the validity of the arbitration clause in any way.  Therefore, Plaintiff's challenges to the validity of the Settlement Agreement as a whole must go to the arbitrator.

Second, Plaintiff asserts that the individual defendants in this case were not signatories to the arbitration agreement, and therefore the claims against them are not subject to mandatory arbitration. (Pl.'s Resp. 3:22–28).  However, the named individual defendants were agents of the corporate defendants, and were thus bound by the arbitration agreements. *See Comer v. Micor, Inc.,* 436 F.3d 1098, 1101 (9th Cir. 2006).  It would thwart the purpose of the Federal Arbitration Act if parties could renege on a promise to resolve claims through arbitration simply by naming individuals as defendants instead of a corporation with which they contracted.  Accordingly, the Court finds that the individual defendants were subject to the arbitration agreement.  Therefore, the Court finds that Plaintiff has not met its burden of demonstrating that the arbitration clause of the Settlement Agreement is unenforceable.

/ / /

**B. Motion to Dismiss**

Having concluded that Plaintiff has not met its burden of demonstrating that the arbitration clause of the Settlement Agreement is unenforceable, the Court must now decide whether to dismiss this action or stay it for the pendency of the arbitration.  Failure to exhaust non-judicial remedies, such as the failure to arbitrate under an arbitration clause, is a proper, though "non-enumerated," reason for granting a Rule 12(b) motion to dismiss. *See Inlandboatmens Union of Pacific v. Dutra Group,* 279 F.3d 1075, 1078 n. 2, 1083–84 (9th Cir. 2002).  Therefore, because Plaintiff has failed to exhaust arbitration here, dismissal without prejudice is appropriate.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Arbitration (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 5) this action is **GRANTED, without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Arbitration (ECF No. 25) is **DENIED as MOOT**.

The Clerk of the Court shall enter judgment accordingly.

**DATED** this 3rd day of December, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge